IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Billy Deonandre Hodge, | ) | Civil Action No. 4:12-cv-732-TLW |
| | ) | Criminal No. 4:08-cr-1082-TLW |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| The United States of America, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court for consideration of the *pro se* Motion to Vacate, Set Aside, or Correct a Sentence Pursuant to 28 U.S.C. § 2255 filed by the Petitioner, Billy Deonandre Hodge ("Petitioner"). Petitioner entered a plea agreement on June 30, 2009, pleading guilty to charges that Petitioner did: (1) knowingly obstruct, delay, and affect commerce and the movement of articles and commodities in such commerce, by robbery, in violation of 18 U.S.C. § 1951(a); and (2) knowingly use and carry a firearm, during and in relation to, and did possess the firearm in furtherance of, the crime of violence named in Count 1. (Docs. #1; 54). Petitioner's written plea agreement included a Federal Rule of Criminal Procedure 11(c)(1)(C) stipulated sentence of 20 years imprisonment, (Doc. #52), which sentence the district court imposed, (Doc. #78). Petitioner filed a notice of intent to appeal sentence on June 10, 2010. (Doc. #75). Petitioner filed his appeal with the Fourth Circuit and on April 4, 2011, the Fourth Circuit affirmed in part and dismissed in part. (Doc. #88).

Petitioner filed the present action on March 12, 2012, alleging ineffective assistance of his trial counsel, Kathy Price Elmore ("counsel" or "Elmore"). (Doc. #92). Elmore submitted an affidavit in response to Petitioner's ineffective assistance of counsel claims. (Doc. #100). The

1

United States of America ("Government") filed a response in opposition to all grounds and moved for summary judgment. (Docs. #101; 102). Petitioner filed a timely reply in opposition to the Government's motion. (Doc. #106). The matter is now ripe for decision.

## 28 U.S.C. § 2255

United States Code, Title 28, Section 2255 provides that a prisoner in custody under sentence of a federal court may file a motion in the court that imposed the sentence to vacate, set aside, or correct the sentence. The statute states four grounds upon which such relief may be claimed: (1) that the sentence was imposed in violation of the Constitution or laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; and (4) that the sentence is otherwise subject to collateral attack. 28 U.S.C.A. § 2255. "Generally, 28 U.S.C. § 2255 requires [a] petitioner to prove by a preponderance of the evidence that 'the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law.'" Leano v. United States, 334 F. Supp. 2d 885, 890 (D.S.C. 2004) (quoting 28 U.S.C. § 2255(a)). In Leano, the district court noted that this is "the proof needed to allege a constitutional error," and that "[t]he scope of review of non-constitutional error is more limited than that of constitutional error; a non-constitutional error does not provide a basis for collateral attack unless it involves 'a fundamental defect which inherently results in a complete miscarriage of justice,' or is 'inconsistent with the rudimentary demands of fair procedure.'" Leano, 334 F. Supp. 2d at 890 (quoting United States v. Mikalajunas, 186 F.3d 490, 495-96 (4th Cir. 1999)). In deciding a 28 U.S.C. § 2255 motion, the Court need not hold a hearing if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. The

Court has thoroughly reviewed the motions, files, and records in this case, liberally construing petitioner's *pro se* motion, and finds that no hearing is necessary.

## STANDARD OF REVIEW

The Government filed a response and moved for summary judgment as to all grounds raised by Petitioner. (Doc. #101; 102). In examining a motion for summary judgment, the Court must determine whether there exists a genuine issue of material fact. Fed. R. Civ. P. 56. Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of genuine issues of material fact. Celotex Corporation v. Catrett, 477 U.S. 317, 323 (1986); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Once the moving party meets its responsibilities by making and supporting a motion for summary judgment under Rule 56, the non-moving party must produce "specific facts showing that there is a genuine issue for trial," rather than resting upon bald assertions contained in the pleadings. See Celotex, 477 U.S. at 323. Thus, the plain language of Rule 56 mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which element that party will bear the burden of proof at trial. In such a situation, there can be "no genuine issue of material fact" because a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. The moving party is "entitled to judgment as a matter of law" because the non-moving party has failed to make a sufficient showing on an

essential element of her case with respect to which she has the burden of proof. Celotex, 477 U.S. at 322-23.

## ANALYSIS OF CLAIMS

Petitioner alleges ineffective relief by his trial counsel and provides a number of factual allegations in support. To prevail on a claim of ineffective assistance of counsel, a petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness, and (2) that counsel's deficiencies prejudiced the Petitioner's defense to the extent that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687-692 (1984). A petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The reviewing court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Further, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance…." Id. at 689. The first inquiry – whether counsel's performance was deficient – may be bypassed if the claim is more easily disposed on the ground of lack of prejudice. Id. at 697. For the reasons outlined below, none of the Petitioner's allegations are meritorious.

### Counsel's alleged failure to adequately prepare for trial

Petitioner asserts that Elmore failed to adequately prepare for trial by failing to investigate the Government's allegations and case prior to allowing Petitioner to accept the stipulation in the plea agreement. (Doc. #92-1 at 4). Specifically, Petitioner claims he informed Elmore that he did not possess a firearm and that had Elmore "properly investigated the case she would have discovered that the victim of the robbery was very uncertained [sic] of [Petitioner's] identity and she was unsure if [Petitioner] was the person whom robbed her at gun point…."

4

(Id.). Petitioner further claims that, to produce reasonable doubt as to Petitioner's guilt, Elmore should have filed suppression motions and made the Court aware of "the probability that someone else… robbed the Kangaroo store…." (Id.). According to the Petitioner, had he known the weakness of the Government's case and the strength of available defenses, he would have proceeded to trial rather than enter a guilty plea. Petitioner thus asserts that he relied on ineffective assistance of counsel in entering his plea and that the plea should be "deemed involuntary, and therefore unconstitutional." (Id.)

These allegations have no merit. The Government offered extensive discovery indicating Petitioner's identity as the robber and indicating he used a firearm. Regarding the victim's uncertainty of the robber's identity, the victim identified Petitioner from a photo line-up. (Doc. #102 at 5). Regarding the firearm, the Petitioner admitted in the plea hearing that he used a firearm during the robbery of the Kangaroo store. (Doc. #81 at 23). Other evidence indicating Petitioner's guilt included video footage, post-Miranda inculpatory statements, investigation reports, witness statements, and clothing recovered by the police. (Doc. #102 at 5; see also Doc. #100 at 5). While Petitioner further asserts that Elmore should have moved to suppress the evidence, he fails to allege any theories in support of suppression, much less any theories that present a likelihood of success.

Regarding Petitioner's claims the he would not have pleaded guilty had he known more about the Government's case, Elmore notes that she reviewed discovery materials with the Petitioner on multiples occasions, even obtaining missing materials from the Government before Petitioner made any final decisions in the case. (Doc. #100 at 3). Furthermore, she states that she discussed with Petitioner the strengths and weaknesses of the Government's case, along with the plea offer and its implications. (Id. at 5). Finally, the Petitioner himself acknowledged he was

satisfied with Elmore's conduct in this area: in response to the Court's questions at the plea hearing, Petitioner indicated he had sufficient time to consult with his attorney, that he was fully satisfied with her performance, and that there was nothing else he wanted her to do for him. (Doc. #81 at 4). In light of the substantial evidence against him and a potential thirty-two year sentence had Petitioner been convicted at trial, (see Doc. #102 at 6), Petitioner's assertion that he is now dissatisfied with his attorney is without any legal or factual merit.

In light this record, the Court finds that Petitioner has failed to show that Elmore's conduct was objectively unreasonable or that he was prejudiced by her conduct. Thus Petitioner's claim of ineffective assistance of counsel based on these grounds is without merit.

**Counsel's alleged failure to object to Government's alleged breach of plea agreement**

Petitioner contends that the Government breached the plea agreement by not filing for a downward departure and that Elmore provided ineffective assistance by failing to object. (Doc. #92-1 at 6). Specifically, Petitioner asserts that the Government promised to move for downward departure at sentencing and that the plea agreement's downward departure provision induced Petitioner to enter the plea agreement. (Id.). Petitioner is correct that his plea agreement contains a downward departure provision, but contrary to his assertions, the agreement does not require the Government to make the motion at the plea hearing or sentencing. The provision states:

> [p]rovided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Government agrees to move the Court for a downward departure or reduction of sentence pursuant to United States Sentencing Guidelines §5K1.1, Title 18, United States Code, § 3553(e) or Federal Rule of Criminal Procedure 35(b).

(Doc. #52 at 5). As this language indicates, the Government's obligation to move for downward departure is triggered only when the Petitioner provides what the Government deems substantial

6

assistance. According to the Government, Petitioner had not provided substantial assistance at the time of sentencing. (See Doc. #102 at 7). As a result, Elmore had no basis on which to object when the Government failed to move for downward departure motion at sentencing, and Petitioner fails to show how he was prejudiced by his counsel's failure to make a meritless objection. The Court also notes that the Petitioner fails to allege any facts indicating that he provided substantial assistance by the time of sentencing, or even thereafter. Thus, Petitioner has failed to show that Elmore's conduct was objectively unreasonable and that he was prejudiced by her conduct. Petitioner's claim of ineffective assistance of counsel based on these grounds is without merit.

**Counsel's alleged failure to properly advise Petitioner regarding the Plea Agreement**

Petitioner alleges Elmore failed to properly review the plea agreement with him; failed to allow Petitioner time to read it before signing; failed to adequately explain the consequences of the agreement; and failed to inform him of the correct sentencing range. Petitioner further contends Elmore should have objected to the Petitioner's base offense level and criminal history score. However, as both Elmore's affidavit and the plea hearing transcript illustrate, none of these allegations holds any merit.

In her Affidavit, Elmore states that she met with Petitioner a total of seven times to review the plea agreement and stipulated sentence: three times before he signed the agreement, and four times after the Presentence Report was issued. (Doc. #100 at 5). Elmore further notes that she discussed with Petitioner the benefits of the plea agreement, specifically that the twenty year offer removed exposure to further prosecution by the state court on other robbery charges and to potential conviction of two counts under 18 U.S.C. 924(c). (Doc. #100 at 7). Notably, the Petitioner allegedly committed other robberies which were part of the plea negotiations. (See

id.). Petitioner offers no credible evidence to refute Elmore's statements. Furthermore, Petitioner fails to show that, absent Elmore's conduct, Petitioner would likely have received a lesser sentence. As discussed above, based on the plea agreement, Petitioner received a reduced sentence of twenty years rather than a potential mandatory minimum sentence of thirty-two years imprisonment had he been convicted of all counts at trial.

Petitioner's representations at the plea hearing further bolster that Elmore provided objectively reasonable advice regarding the plea agreement. The Court asked Petitioner whether he had an opportunity to read, review, and discuss the plea agreement with his attorney before he signed it, whether he understood its terms, and whether Elmore talked with the Petitioner about how the guidelines might apply, and the Petitioner affirmed. (Doc. #81 at 6, 8). Moreover, at the Court's request, the Government summarized the plea agreement in the Petitioner's presence, and the Petitioner indicated the terms were correct as stated and that they represented the entire agreement with the Government. (Id. at 5-6). Finally, the Court explained in detail the stipulation and guidelines provisions, confirming the Petitioner's understanding at each step. (Id. at 9). Petitioner indicated he had reviewed and understood the plea agreement and wanted to plead guilty.

Regarding Petitioner's base offense level and criminal history score, Petitioner provides no grounds on which Elmore should have objected. Petitioner agreed to the base offense level and criminal history score established at the sentencing level to reach a guideline level at which the Court could sentence the Defendant to the twenty year sentence Petitioner agreed to in the plea agreement. (See Doc. #102-2 at 15-16). The Court explained this process to the Petitioner, who stated that he understood the process. (Id.). As a result of this process, Petitioner received a

twenty year sentence instead of the potential thirty-two year sentence Petitioner risked had he gone to trial and been convicted on all counts.

The record reflects that Elmore reviewed and explained the plea agreement to the Petitioner, that he had sufficient time to read it before signing, and that Elmore's conduct at sentencing was not objectively unreasonable; furthermore, Petitioner fails to show that he was prejudiced by her conduct. Therefore, Petitioner's claim of ineffective assistance of counsel based on these grounds is without merit.

**Counsel's alleged failure to advise Petitioner as to Sentencing Exposure**

The first portion of Petitioner's claim under this allegation appears similar to the previous claim in that Petitioner contends that Elmore did not apprise him of the sentencing exposure he risked if he pleaded guilty. (See Doc. #92-1 at 9). In the second portion, Petitioner asserts that Elmore did not alert him to other plea agreement offers from the Government. (Id.). However, neither of these assertions have merit. As noted above, Elmore stated in her affidavit and Petitioner confirmed at the plea hearing that Elmore explained the implications of the plea agreement with the Petitioner. Regarding the existence of other plea agreement offers, the Government notes that the only offers ever on the table were straight pleas to twenty-five years and to twenty years. (Doc. #102 at 8-9). Petitioner accepted the twenty year offer, the best offer ever on the table. (Id.). Thus, Petitioner fails to show that Elmore's conduct was objectively unreasonable and that he was prejudiced by her conduct. As a result, Petitioner's claim of ineffective assistance of counsel on these grounds is without merit.

**Counsel's alleged failure to request a mental health evaluation and competency hearing**

Petitioner alleges Elmore was ineffective for failing to request a mental health evaluation and competency hearing before allowing him to plead guilty and be sentenced. (Doc. #92-1 at 9-

10). However, Petitioner provides no evidence showing that Elmore's conduct was objectively unreasonable. Elmore stated in the plea hearing and in her affidavit that she noted no issues of competency in the course of her representation. (Docs. #81 at 4; 100 at 5). Moreover, Petitioner told the Court at the plea hearing that he had never been treated for any mental illness or substance addiction and that he understood that he was in Court to plead guilty. (Doc. #81 at 4). As Petitioner fails to show that Elmore's conduct was objectively unreasonable, Petitioner's claim of ineffective assistance of counsel on these grounds is without merit.

**<u>Counsel's alleged failure to object to double counting</u>**

Petitioner alleges that the Court engaged in improper double counting during sentencing and that Elmore was ineffective because she failed to object. (Doc. #92-1 at 10). Specifically, Petitioner claims the Court "should not have been able to penalize [Petitioner] for use of a firearm during and in relation to a crime of violence because [Petitioner was] already being punished for this offense as a part of the arm [sic] robbery charge." (<u>Id.</u> at 10-11). As the Fourth Circuit has noted, "[i]t is well established that the Sentencing Commission plainly understands the concept of double counting, and expressly forbids it where it is not intended." <u>United States v. Schaal</u>, 340 F.3d 196, 198 (4th Cir. 2003) (internal quotation marks omitted). Petitioner pleaded guilty to violations of 18 U.S.C. §§ 1951(a) and 924(c), and the applicable guidelines for violations of these sections are U.S.S.G. §§ 2B3.1(a) and 2K2.4(b), respectively. (<u>See</u> Doc. #67 at 11). There was no double counting in the Petitioner's case. (U.S.S.G. §§ 2B3.1, 2K2.4). The two charges are conceptually separate in that they contain separate and distinct elements. (18 U.S.C. §§ 1951(a), 924(c)). Thus, no impermissible double counting occurred at sentencing, and Elmore had no basis to object. As a result, Petitioner fails to show that Elmore's conduct was

objectively unreasonable and that he was prejudiced by her conduct, and Petitioner's claim of ineffective assistance of counsel on these grounds is without merit.

**Counsel's alleged failure to advise Petitioner regarding Collateral Challenge of State Priors**

Lastly, Petitioner contends that Elmore provided ineffective assistance by failing to advise him that he could file state habeas petitions attacking the validity of prior state convictions. (Doc. #92-1). Petitioner appears to believe these convictions were used to enhance his sentence. (See id.). However, as the Government notes, Petitioner was sentenced pursuant to a stipulation in his plea agreement and his prior state convictions thus did not enhance his sentence. (See Doc. #102 at 10). Even had the Court sentenced the Petitioner under the guidelines, the prior state convictions applied only to calculate Petitioner's criminal history category. Moreover, Petitioner fails to identify which state convictions he believes could be challenged and he fails to provide any basis for challenging the state convictions. As a result, Petitioner fails to show how Elmore's conduct was objectively unreasonable and prejudicial. Thus, Petitioner's claim of ineffective assistance of counsel on these grounds is without merit.

**REQUEST FOR APPOINTMENT OF COUNSEL AND EVIDENTIARY HEARING**

As part of his relief sought, Petitioner requests that the Court appoint counsel and conduct an evidentiary hearing. (Doc. #92-1 at 14). 28 U.S.C. § 2255(b) provides that such a hearing should be held "[u]nless the motion and the files and records of the case *conclusively* show that the prisoner is entitled to no relief…." After careful consideration and for the reasons contained herein, the Court finds that the motion, files, and records here conclusively show that Petitioner was entitled to no relief. Thus, the Court finds an evidentiary hearing and appointment of counsel is unnecessary.

## ACTUAL INNOCENCE

The Petitioner asserts an actual innocence claim in his habeas petition. (Doc. #92-1 at 2). This claim has no merit.

## CONCLUSION

The Court has carefully considered the filings, record, and relevant law, and for the foregoing reasons, Petitioner's motion for relief pursuant to 28 U.S.C. § 2255, (Doc. #92-1), is **DENIED**, the Government's motion for summary judgment is **GRANTED**, (Doc. #101), and this action is **DISMISSED** with prejudice.

The Court has reviewed this petition in accordance with Rule 11 of the Rules Governing Section 2255 Proceedings. The Court concludes that it is not appropriate to issue a certificate of appealability as to the issues raised herein. Petitioner is advised that he may seek a certificate from the Fourth Circuit Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.

**IT IS SO ORDERED**.

s/Terry L. Wooten_____<br>
TERRY L. WOOTEN<br>
United States District Judge

April 12, 2013
Columbia, South Carolina